**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

```
UNITED STATES OF AMERICA,        )      3:06-cv-00101-HDM-RAM
                                 )
            Plaintiff,           )
                                 )      ORDER
vs.                              )
                                 )
ALLEN HENRY BONNIFIELD, et al.,  )
                                 )
            Defendants.          )
_____)
```

On April 28, 2011, defendants Allen Henry Bonnifield and Patricia Bonnifield filed a motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b) (#63).[1]  Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1)  mistake, inadvertence, surprise, or excusable neglect;

    (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)  fraud . . ., misrepresentation, or misconduct by an opposing party;

---

[1] Although pursuant to the document's caption the motion was filed by the clerk as a "notice," it is properly construed as a Rule 60(b) motion.

1

      (4)   the judgment is void;

      (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      (6)   any other reason that justifies relief.

Rule 60(b) motions must be filed within a "reasonable time," and if the asserted basis is one of the first three listed reasons, no later than one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Defendants' motion for relief is based on Rules 60(b)(3) and 60(b)(4).

Final judgment was entered against Allen Henry Bonnifield on April 11, 2007. It was not until more than four years later that he filed his Rule 60(b) motion. The motion for relief pursuant to Rule 60(b)(3), filed more than a year after entry of judgment, is thus untimely. In addition, the court finds that the motion for relief pursuant to Rule 60(b)(4) was not brought within a reasonable time. The defendant has provided no justification for waiting four years to move this court for relief based on his belief that the judgment against him is void. Accordingly, Allen Henry Bonnifield's motion for relief from final judgment pursuant to Rule 60(b) is hereby denied as untimely. Even if the motion were timely, however, there is no basis in either defendants' motion or the record for declaring the judgment void or for finding that the plaintiff committed fraud. Thus, the motion is also denied as frivolous and without merit.

Insofar as Patricia Bonnifield is concerned, no judgment has been entered against her in this case. Rather, on February 8, 2007, the court granted the parties' stipulation to dismiss her

with prejudice.  In that order, the court retained jurisdiction over the matter for one year in order to enforce the settlement agreement.  For the same reasons as above, Patricia Bonnifield's Rule 60(b) motion is untimely.  Even if it were timely, however, the motion is without merit.  No judgment has been entered against Patricia Bonnifield from which she can be relieved.  To the extent she is seeking relief from the February 8, 2007, order of dismissal, it is unclear what relief could possibly be granted.  Patricia Bonnifield has been dismissed from this action without prejudice, which is to her benefit.  Moreover, the time period for the court to retain jurisdiction over the settlement agreement has long since expired.  Accordingly, Patricia Bonnifield's Rule 60(b) motion is also denied as untimely, frivolous, and without merit.

Finally, the defendants include in their motion a "claim for damages."  There is no basis for the award of any damages to the defendants in this case.

In accordance with the foregoing, defendants' motion for relief from final judgment or order (#63) is hereby **DENIED**.

**IT IS SO ORDERED**.

DATED: This 3rd day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE

3